ANTONIO BERLINGERI-CERVONI, Plaintiff and Appellee, v. JOSÉ DEL CARMEN SANTIAGO ET AL., Defendants and Appellants.

No. 4451. Argued March 27, 1928.—Decided July 18, 1928.

*Felipe Colón Díaz* for the appellants. *Sergio León Lugo* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This appeal is closely related to that in case No. 4230 which we have just decided. The complaint was filed some days later, but about eight months intervened between the judgments rendered in the two actions. Although both cases were tried before the same district court, the judges were different. It would have been much easier for the parties; it would have saved the time of the court, and the court would have been in a better position for rendering its judgments if the cases had been tried, if not on the same day, at least within the same term. In this Supreme Court the appeals were heard on the 27th of March, 1928.

This is an action of revendication and for damages. It is alleged that the plaintiff is the owner of a rural property from which he segregated a parcel and leased it to a certain person who transferred the contract to the defendant; that the period of the lease having expired because of default in paying the stipulated rent, he brought an action of unlawful detainer against the defendant; that judgment was rendered in his favor, but in giving him possession of the property only a part of it was delivered to him, the defendant remaining in possession of the other part; that the defendant has refused to deliver that part and still detains it and appropriates its products under the claim that he is its owner, all against the express will of the plaintiff. He prays for a judgment declaring that he is the owner in fee simple of the parcel of land and ordering the defendant to restore it to him and pay him six hundred dollars damages and the costs.

In his answer the defendant admitted some allegations of the complaint, denied others and alleged that the marshal

delivered to the plaintiff the whole of the leased property and that therefore he did not detain any portion of land of the plaintiff.

The case went to trial. The plaintiff introduced documentary, expert and parole evidence. The defendant presented only the testimony of the marshal who acted in relation to the execution of the judgment in the action of unlawful detainer. The court took the case under consideration and rendered judgment in favor of the plaintiff as to the revendication. In the matter of damages it held that the evidence was not sufficiently clear and concrete to justify such a judgment. We transcribe a part of the opinion on which the judgment is based. It reads as follows:

"From a consideration of all of the evidence in the present case, parole, documentary and expert, the court is of the opinion that the plaintiff has shown satisfactorily and conclusively . . . . that defendant José del Carmen Santiago withholds from him a parcel of land of 8.83 acres of land, as described by expert J. Elías Cordero and marked in blank on the plan drawn by him and admitted in evidence, and that such detention on the part of the defendant is without any title, the title being, 'on the contrary, in the plaintiff herein, Antonio Berlingeri, as has been duly proved, the said parcel of land having been identified both by the expert and documentary evidence already referred to, as well as by the other witnesses of the plaintiff, to whom the court gave full credit."

The defendant took the present appeal, assigning as the only error that the evidence had been improperly weighed.

We have studied the evidence and in our opinion it sustains the judgment appealed from. There can be noticed some contradictions in the titles and in the areas of some of the portions which form the main property and in the portion later segregated and leased, but everything is explained satisfactorily by the surveyor who drew the plan introduced in evidence and especially by the definite and convincing testimony of several witnesses, who for many years had been neighbors and adjoining owners, referring to roads and brooks which mark the property sued for in such manner

that it can not be mistaken for any other. Against this evidence the vague testimony of the marshal who went to the place for the first time and is unable to state definitely the amount of land delivered by him has no weight whatever.

The judgment appealed from must be affirmed.